United States District Court
Southern District of Texas
**ENTERED**
September 27, 2022
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| RANDY LEE H.,[1] | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:21-cv-1390 |
| COMMISSIONER OF SOCIAL SECURITY,[2] | § § § § | |
| *Defendant.* | § § § | |

## MEMORANDUM AND ORDER

Plaintiff Randy Lee H. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the SSA ("Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act").[3] The Parties filed cross-motions for summary

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] The suit was originally filed against Andrew Saul, the prior Commissioner of the Social Security Administration ("SSA"). Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been automatically substituted as Defendant.

[3] On January 12, 2022, the case was transferred on consent of the parties to this Court to conduct

judgment. Pl.'s MSJ, ECF No. 15; Def.'s MSJ, ECF No. 17. Plaintiff challenges the Administrative Law Judge's ("ALJ") determination, arguing that substantial evidence does not support the ALJ's RFC determination because she failed to properly evaluate the opinion of chiropractor Dr. William Colgin. Pl.'s MSJ Mem., ECF No. 16. Defendant counters that the ALJ's findings are proper and supported by substantial evidence. Def.'s Cross-MSJ Brief, ECF No. 17-1. Based on the briefing and the record, the Court determines that the ALJ failed to address the supportability for Dr. Colgin's opinion, but the error was harmless. Therefore, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

## I.  BACKGROUND

Plaintiff is 56 years old, R. 31,[4] and has a 10th grade education. R. 59–60. Plaintiff worked as a church janitor, farm hand, and furniture mover. R. 31, 60–64. Plaintiff originally alleged a disability onset date of May 2, 2010, which was amended to an onset date of February 4, 2016. R. 23. Plaintiff claims he suffers physical impairments. R. 297.

On January 18, 2019, Plaintiff filed his application for disability benefits and SSI under Titles II and XVI of the Act. R. 270–77. Plaintiff based his application on

---

all proceedings pursuant to 28 U.S.C. § 636(c). Consent & Transfer Order, ECF No. 13.

[4] "R." citations refer to the electronically filed Administrative Record, ECF No. 12.

spinal cord lesions, a skin disorder, a back problem, a lung disorder, vision problems, and a hand-wrist-arm problem. R. 297.[5] The Commissioner denied his claim initially, R. 149–58, and on reconsideration. R. 160–67.

A hearing was held before an ALJ. An attorney represented Plaintiff at the hearing. R. 23, 51. Plaintiff and a vocational expert testified at the hearing. *Id*. After the hearing, the ALJ issued a decision denying Plaintiff's request for benefits.[6] R. 20–38. The Appeals Council denied Plaintiff's request for review, thus upholding

---

[5] The relevant time period is February 4, 2016—Plaintiff's amended alleged onset date—through December 31, 2016—Plaintiff's last insured date. R. 26. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

[6] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 32. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date. R. 26 (citing 20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine, left hand weakness, and obesity. R. 26 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 26 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b). R. 28. However, the ALJ added limitations, including that he can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; should avoid concentrated exposure to unprotected heights and wet, slippery, or uneven surfaces; could frequently reach in all directions, including overhead, bilaterally; could frequently handle, and finger with his left hand; could occasionally push, pull, and operate foot controls bilaterally. R. 28-29. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. R. 31 (citing 20 C.F.R. §§ 404.1565 and 416.965). At step five, based on the testimony of the vocational expert and a review of the report, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform work that exists in significant numbers in the national economy: office helper and hotel housekeeper. R. 31-32. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 32.

the ALJ's decision to deny disability benefits. R. 7. Plaintiff filed this action, appealing the determination. ECF No. 1.

## II. THE STANDARD OF REVIEW OF THE COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza*, 219 F.3d at 393. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial

evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III.    THE SHIFTING BURDEN OF PROOF IN A DISABILITY CASE.

An individual claiming entitlement to benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A)(2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3)(2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff argues that the ALJ, in making the RFC determination, failed to evaluate and explain her analysis of the supportability and consistency of Dr. William Colgin's opinion. ECF No. 16 at 7–12 (citing 20 C.F.R. § 404.1520c). In addition, Plaintiff claims that the ALJ cherry picked the evidence. Plaintiff asserts that these errors led the ALJ to erroneously conclude that Plaintiff is not disabled. *Id*. at 12. Defendant counters that the ALJ properly considered Dr. Colgin's opinion when determining Plaintiff's RFC and substantial evidence supports her RFC determination. ECF No. 17-1 at 3–12.

### A. The ALJ's RFC Analysis.

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, "which is defined as the most the claimant can still do despite his physical and mental limitations … based on all relevant evidence in the claimant's record." *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation omitted). The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1999)).

When making the RFC determination, the ALJ must consider all medical opinions contained in the record. *Id.*; 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the

record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL 4734995, at *8 (S.D. Tex. Aug. 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). As an administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record, including the credibility of medical experts and the weight to be accorded their opinions. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

Under the rule regarding RFC determinations, the ALJ is not required to defer or give any specific evidentiary weight to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a).[7] Instead, the ALJ is required to consider all medical opinions and prior administrative medical findings using specific factors: (1) supportability; (2) consistency; (3) the physician's relationships with the claimant, which includes considering the length, purpose, and extent of the treatment relationship, the frequency of examinations, and the examining relationship; (4) the physician's specialization, and (5) other factors.[8] 20 C.F.R. § 404.1520c(b). The most important factors are consistency and supportability. *Id.;*

---

[7] For claims filed after March 27, 2017, the guidelines have eliminated the former requirement that the ALJ give deference to the opinions of treating physicians. *Garcia v. Saul*, No. SA-19-CV-01307-ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020) (explaining that despite new regulations, previous decisions are still relevant as supportability and consistency have always been the most important considerations.). Because Plaintiff's claim was filed in 2019, this rule applies.

[8] Other factors include evidence showing the medical source is familiar with the other evidence in the claim, or that the medical source understands the disability program's policies and evidentiary policies. 20 C.F.R. § 404.1520c(b).

*Garcia v. Saul*, No. SA-19-CV-01307-ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020). The ALJ must articulate how persuasive she finds each of the opinions in the record and explain her conclusions regarding the supportability and consistency factors. 20 C.F.R. § 404.1520c(b)(2).

### 1. The ALJ adequately addressed the consistency of Dr. Colgin's opinion with the record.

Plaintiff argues that the ALJ's evaluation of the consistency of Dr. Colgin's opinion with the record was insufficient. ECF No. 16 at 10. Defendant counters that the ALJ properly found Dr. Colgin's opinion unpersuasive based on the inconsistency of the extreme limits Dr. Colgin assessed with the rest of the record. ECF No. 17-1 at 7–12.

The consistency factor requires the ALJ to evaluate how consistent a medical opinion is with the evidence from other sources. *See* 20 C.F.R. § 404.1520c(c)(2). An ALJ's decision sufficiently addresses consistency when the ALJ explains the conflicts between a medical opinion and the remaining record. *See Georgopoulos v. Comm'r, SSA*, No. 4:21-CV-192, 2022 WL 3023247, at *9 (E.D. Tex. July 8, 2022), *report and recommendation adopted*, No. 4:21-CV-192, 2022 WL 3018417 (E.D. Tex. July 29, 2022) (finding the ALJ's consistency explanations were sufficient because the ALJ coherently explained the conflicts between the assessment and the remaining relevant medical records).

The ALJ explained her rejection of Dr. Colgin's opinion. Dr. Colgin

completed a two-page physical assessment check box form. R. 426–27 (1/24/19).

In the assessment, Dr. Colgin opined that Plaintiff had symptoms associated with his impairments that would be constantly severe enough to interfere with the attention and concentration required to perform simple work-related tasks. R. 426 (1/24/19). Dr. Colgin also opined that Plaintiff would need to recline or lie down during a hypothetical eight-hour workday in excess of the typical 15-minute break in the morning, the 30- to 60-minute lunch, and the typical 15-minute break in the afternoon; could not walk any blocks without rest or significant pain; could sit, stand, or walk for 30 minutes in an eight-hour workday; would need to take unscheduled breaks during an eight-hour workday; could never lift and carry more than ten pounds; could grasp, turn, or twist objects with his left hand for zero percent of time during an eight-hour workday; could perform fine manipulation with his left finger for zero percent of time during an eight-hour workday; could reach with his left arm for zero percent of time during an eight-hour workday; and would be absent from work constantly as a result of his impairments or treatments. R. 426–27 (1/24/19).

In discounting Dr. Colgin's opinion, the ALJ cited to Dr. Colgin's the assessment and found that "[t]he extreme limits relevant to the claimant's abilities and requirements are not consistent with the evidence of record or with other opinions. Further, the limits of no lifting and no handling or fingering with the left hand seems excessive given the objective medical evidence of record." R.31. The

ALJ cited to specific records in support of that conclusion.[9] Finally, the ALJ stated that the opinion that Plaintiff cannot work is reserved for the commissioner. *Id.*

Plaintiff argues that the ALJ's explanation is brief and conclusory. ECF No. 16 at 8. The ALJ is not required to provide a point-by-point discussion of each and every medical opinion contained in a medical source statement from a given medical provider, *see* 20 C.F.R. § 404.1520c(b)(2), but she must still provide some explanation for her reasons for rejecting a medical opinion of record. *See Loza*, 219 F.3d at 395; *see also Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010) (per curiam) (Although the ALJ does not need to comment on every piece of evidence, he must still "build an accurate and logical bridge between the evidence and the final determination.").

Here, the ALJ specified that the extreme limitations contained in Dr. Colgin's opinion are not consistent with the evidence of record and that the lifting and fingering limitations were inconsistent with the objective medical evidence and cites to specific records, R. 31, showing that she considered his opinions and how it conflicted with specific evidence in the record. Although in this specific section the ALJ did not elaborate in detail how the Dr. Colgin's opinion conflicts with each piece of cited evidence, the full decision shows she thoroughly considered the

---

[9] R. 31 (referencing R. 428–32 (5/6/19); R. 526–38 (5/26/20); R. 503–25 (3/11/20); R. 487–97 (7/15/19-7/29/19)).

medical records and testimony, and her determination reflects those findings. *See Bass v. Saul*, No. H-19-1525, 2020 WL 3405794, *13 (S.D. Tex. June 19, 2020). The ALJ correctly noted that whether Plaintiff can work is reserved to the ALJ and she properly discounted that opinion. *Newton v. Apfel*, 204 F.3d 448, 455 (5th Cir. 2000).

Thus, the ALJ decision adequately complied with the consistency factor.

### 2. The ALJ erred by failing to address the supportability for Dr. Colgin's opinion.

Plaintiff further contends that the ALJ gave no consideration to the supportability for Dr. Colgin's opinion. ECF No. 16 at 9. Plaintiff argues Dr. Colgin's opinion was supported by his diagnosed impairments of cervical disc displacement, intervertebral disc displacement, and pain in his left wrist. *Id*. Defendant counters that it was proper for the ALJ to discount Dr. Colgin's opinion because it was not supported by any referenced objective medical evidence. ECF No. 17-1 at 6.

Under the supportability factor, the ALJ's evaluation is limited to the objective medical evidence and supporting explanations that the medical provider relied upon in finding the plaintiff's limitations. *See* 20 C.F.R. § 404.1520(c)(1). Objective medical evidence includes "medical signs, laboratory findings, or both" but does not include diagnosis. *See* 20 C.F.R. § 416.913(a)(1); 20 C.F.R.

§ 416.913(a)(3).[10]

Plaintiff asserts that Dr. Colgin's diagnoses support his opinion, ECF No. 16 at 9. However, the ALJ could not consider Dr. Colgin's diagnoses in a supportability evaluation as a matter of law. Under the regulations, diagnoses are excluded from consideration because they are defined as other medical evidence, not objective medical evidence. 20 C.F.R. § 416.913(a)(3) (including "diagnosis" in the category of "other medical evidence," which is defined as "evidence from a medical source that is not objective medical evidence or a medical opinion"). The ALJ could only consider objective medical evidence and Dr. Colgin's explanations. *See* 20 C.F.R. § 404.1520(c)(1); 20 C.F.R. § 416.913(a)(1). His check box form provided no explanations and failed to reference any objective medical evidence on which he relied. R. 426–27 (1/24/19). Therefore, there was no evidence related to the supportability of Dr. Colgin's opinion for the ALJ to consider.

Nonetheless, the regulations require the ALJ's decision to include a supportability conclusion and explanation, and failure to do so constitutes legal error. *See Cardenas v. Kijakazi*, No. 7:21-CV-135, 2022 WL 2719044, at *7 (S.D. Tex. June 3, 2022), *report and recommendation adopted sub nom. Cardenas v. Saul*, No. 7:21-CV-135, 2022 WL 2715204 (S.D. Tex. July 12, 2022) (finding legal error

---

[10] Medical signs are "one or more anatomical, physiological, or psychological abnormalities that can be observed, apart from [Plaintiff's] statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques." 20 C.F.R. § 416.902(l).

where the ALJ's decision did not expressly address the supportability of a medical provider's opinion). The ALJ's decision fails to address the supportability for Dr. Colgin's opinion, including the absence of any evidence of supportability. Thus, she erred. The Court must determine whether the error was prejudicial to Plaintiff. *Id.*

### 3. *The ALJ's error did not prejudice Plaintiff.*

"[P]rocedural perfection in administrative proceedings is not required," and a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Allen v. Saul*, No. 4:19-CV-1575, 2020 WL 5412630, at *7 (S.D. Tex. Sept. 9, 2020) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). The ALJ's error did not prejudice Plaintiff because an evaluation regarding supportability would not change the ALJ's RFC determination. *Bass*, 2020 WL at *13 (finding harmless error when ALJ discounted treating physicians' opinions without a good cause because check box forms are conclusory opinions entitled to no weight, ALJ thoroughly reviewed evidence, and RFC determination was consistent with record as a whole).

Dr. Colgin marked and circled answers on the check box form without providing any narrative explanation for the limitations. R. 426–27. "The use of such checklist forms is generally viewed with disfavor among the federal courts of appeals and district courts within the Fifth Circuit when the forms are not adequately

supported by any narrative citations to clinical findings." *Brown v. Astrue*, No. 11-2919, 2013 WL 620269, at *6 (E.D. La. Jan. 18, 2013). *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating doctor's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examination . . ."); *Dabbs v. Astrue*, No. 3:11-CV-03145-BF, 2012 WL 2343902, at *9 (N.D. Tex. June 20, 2012) (finding that the ALJ properly rejected a checkbox questionnaire doctor completed after examining plaintiff for fifteen minutes); *Segovia v. Astrue*, No. H-11-0727, 2012 WL 948815, at *16–17 (S.D. Tex. Mar. 2, 2012) (finding that the ALJ properly rejected the opinion of a treating physician who marked answers next to pre-printed findings on a form), *report and recommendation adopted*, 2012 WL 951543 (S.D. Tex. Mar. 19, 2012).

In her decision, the ALJ gave little weight to the opinion of Dr. Colgin and found it unpersuasive based on its inconsistency with the record. R. 30–31. Thus, it is not probable that the ALJ would have arrived at a different conclusion had she explained her conclusions regarding the supportability of Dr. Colgin's opinion because he provided no explanations and no reference to medical records, such that any explanation would have been that there was no evidence of supportability referenced in his assessment. *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005) (affirming ALJ's decision when it was not probable a different result

would have occurred but for the ALJ's error). Therefore, the error was harmless.

### 4. The ALJ did not cherry-pick the record.

Plaintiff additionally argues that the ALJ improperly "cherry-picked" the record by failing to discuss evidence that supported his claims. ECF No. 16 at 10–11. Plaintiff contends that because the ALJ did not discuss the evidence, the Court can assume that the ALJ did not give it meaningful consideration. *Id*. at 11. Defendant counters that the ALJ properly interpreted the medical evidence to determine Plaintiff's work capacity because she based her decision on the credible medical, testimonial, and documentary evidence of record. ECF No. 17-1 at 7–12.

Although the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record, *see Scott*, 770 F.2d at 485, the "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports [her] position." *Loza*, 219 F.3d at 393 (citing *Switzer v. Heckler*, 742 F.2d 382, 385–86 (7th Cir. 1984)). The ALJ must address and make specific findings regarding the supporting and conflicting evidence, the weight to give that evidence, and reasons for his or her conclusions regarding the evidence. *Armstrong v. Sullivan*, 814 F. Supp. 1364, 1373 (W.D. Tex. 1993).

Plaintiff contends that the ALJ failed to articulate consideration of the wealth of evidence that supports the limitations Dr. Colgin assessed. ECF No 16. at 10–12.

16

Plaintiff points to five pieces of medical evidence he believes the ALJ failed to consider in determining his RFC: (1) Dr. Colgin's June 9, 2011 assessment and x-rays of Plaintiff's spine; (2) Dr. De Bender's July 25, 2011 examination of Plaintiff's neck and MRI; (3) Physician Assistant Goldhoff's May 10, 2018 assessment and x-rays of Plaintiff's left hand; (4) the July 15, 2019 examination of Plaintiff's back; and (5) the September 25, 2019 x-ray of Plaintiff's spine. ECF No. 16 at 10–11. Plaintiff argues that the ALJ's exclusion of these records from discussion in her decision shows that the ALJ "cherry-picked" the record. *Id.*

Contrary to Plaintiff's contention, the ALJ need not discuss each and every piece of evidence in the record, nor does the ALJ's failure to discuss the evidence establish a failure to consider the evidence. *See Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005) (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)); *Bordelon v. Shalala*, No. 94-30377, 1994 WL 684574, at *1 (5th Cir. Nov. 15, 1994). There is no evidence that the ALJ did not give the evidence meaningful consideration or was "picking and choosing" only evidence that supported her position.

Furthermore, the connection between these records and Plaintiff's ability to work is not obvious.[11] None of these records indicate that Plaintiff's condition is

---

[11] R. 391 (6/9/11) (Plaintiff diagnosed with I.V.D. disorder without myelopathy, thoracic sprain/strain, and lumbar sprain/strain; x-rays of several spinal regions; treatment plan including chiropractic manipulation, passive modalities, and active therapeutic exercises); R. 392–95 (7/25/11) (Plaintiff given MRI of the spine; diagnosed with cervical strain with nerve-root irritation and cervical disc protrusions; recommendation to take anti-inflammatory medication on a regular basis and get an EMG); R. 407–09 (5/10/18) (Plaintiff presented with acute upper extremity pain

disabling. To the contrary, the records indicate that his condition is mild to moderate and treatable with medication.[12] Although the ALJ is generally tasked with weighing medical opinions and determining a plaintiff's RFC, *Taylor*, 706 F.3d at 602–03, the ALJ is not permitted to "draw [her] own medical conclusions from some of the data, without relying on a medical expert's help." *Frank v. Barnhart*, 326 F.3d 618, 621–22 (5th Cir. 2003) (warning an ALJ "must be careful not to succumb to the temptation to play doctor," as "lay intuitions about medical phenomena are often wrong."). Without a medical provider's explanation how the diagnoses or test results impact Plaintiff's ability to work, Plaintiff is asking the ALJ to play doctor, which would result in reversible error.

## CONCLUSION

The Court **DENIES** Plaintiff's motion for summary judgment, ECF No. 15, and **GRANTS** the Commissioner's motion for summary judgment, ECF No. 17. The

---

involving the left hand; diagnosed with moderate arthritis of the first MCP joint; instructed to apply ice and elevated affected areas above check level, rest, limit use of hand; prescribed Tylenol with Codeine and Flexeril; discharged home in good and stable condition; x-rays normal); R. 463 (7/15/19) (Plaintiff presented to the emergency department; came in for back pain of 7 years that exacerbated recently; denied trauma; denied injury; no injury to head or neck; has had back pain; all other systems are negative; diagnosed with chronic nontraumatic lumbar back pain; discharged home in good and improved condition; condition stable; prescribed Naprexon and Prednisone); R. 437 (9/25/19) (Plaintiff's spine x-rayed; found moderate multilevel lumbar spondylosis with otherwise no acute abnormality; found progressive degenerative disc disease with spondylosis at L4-5 and L5-S1).

[12] *See, e.g.,* R. 463 (7/15/19) (discharged from ER with exacerbated back pain to home in improved and stable condition and prescribed Naprexon and Prednisone for treatment); R. 392–95 (7/25/11) (after MRI of the spine and diagnosed with cervical strain with nerve-root irritation and cervical disc protrusions, recommendation to take anti-inflammatory medication on a regular basis).

Commissioner's determination that Plaintiff is not disabled is **AFFIRMED**.

Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, on September 27, 2022.

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**